

Honorable O. J. S. Ellingson
General Manager
Texas Prison System
Huntsville, Texas

Dear Sir:

Opinion No. 0-3798

Re: Whether or not there is any
legal action at this time that
can be taken to arrest Virgil
Bounds and return him to the
penitentiary to serve the three
months and fourteen days he
still owes on his four-year
sentence, even though he was
discharged in accordance with
instructions from the District
Court of Walker County?

This will acknowledge receipt of your request for
the opinion of this department on the hereinabove captioned
question. We quote from your original request and from your
subsequent letter of August 29, as follows:

"As set out in your Opinion No. 0-3648
the Statement of Facts furnished you by Honor-
able Mac L. Bennett, Jr., District Attorney,
Normanagee, Texas, Virgil Bounds was ordered
discharged by the District Court of Walker
County for the reason the overtime and com-
mutation time forfeited when he returned to
prison would complete his original sentence.

"Your Opinion No. 0-3648, however, states
that:

"'While the relator may not have for-
feited the extra time for good conduct
and overtime work allowed which he had
earned up to his release on the condi-
tional pardon, he is not entitled to re-
ceive as a credit on his four-year sen-
tence, the one year, one month and six-
teen days that he was at large on the
conditional pardon. The same length of
time remained to be served by relator on
June 20, 1940 as on May 4, 1939.'

". . . However, we have now figured his time in accordance with Opinion No. O-3648, and find that he now has to his credit on a four year sentence, three years, eight months and sixteen days. Consequently, there is remaining to be served on his four-year sentence, three months and fourteen days.

". . . However, now that the facts are accurately before you, we will appreciate your opinion as to whether or not there is any legal action at this time that can be taken to arrest Virgil Bounds and return him to the penitentiary to serve the three months and fourteen days he still owes on his four year sentence, even though he was discharged in accordance with instructions from the District Court of Walker County."

As we understand the facts upon which your question is predicated, the said Virgil Bounds was ordered discharged from the penitentiary by the judge of the District Court of Walker County, Texas, after habeas corpus proceedings had been had in said court.

From the Statement of Facts mentioned in your letter, it appears that the said Virgil Bounds was serving a four-year sentence in the State Penitentiary of Texas by virtue of an indictment found against him in Jefferson County, Texas, upon which he was subsequently convicted in said county.

Article 119 of Vernon's Annotated Code of Criminal Procedure, provides as follows:

"After indictment found, the writ must be made returnable in the county where the offense has been committed, on account of which the applicant stands indicted."

In the case of Ex Parte Patterson, 141 S.W. (2d) 319, the Court of Criminal Appeals of Texas, in an opinion by Judge Graves, held that, while a judge of a district not including the county in which the relator was indicted and convicted could grant the relator's application for a writ of habeas corpus, such judge could not try the matters presented and should have made the writ returnable to the

county in which the relator was indicted and convicted, citing Article 119, quoted supra. See also the following cases: Ex parte Trader, 6 S.W. 533; Ex parte Ainsworth, 27 Tex. 731; Ex parte Springfield, 11 S.E. 677; Ex parte Overcash, 134 S.W. 700; Ex parte Andrus, 153 S.W. 621.

In the instant case, we are aware of the fact that Jefferson County, Texas, where said Virgil Bounds was indicted and convicted, is not within the district presided over by the district court of Walker County.

Under the authorities hereinabove mentioned, we are of the opinion that while the judge of the district court of Walker County had the right to grant the writ of habeas corpus allpied for by Virgil Bounds, he had no furisdiction to try the matters presented thereby, and should have made the writ returnable to Jefferson County.

In the case of Letcher, et al v. Crandell, (Civ. App.) 44 S.W. 197, Crandell sued Letcher, the sheriff of Jones County and the sureties on his official bond for damages for false imprisonment. The plaintiff was being held by the sheriff on a mittimus from the justice of the peace of Jones County on a rape charge, issued by the said justice in an examining trial wherein he had waived an examination and was remanded to the custody of the sheriff without bail. Subsequently, a writ of habeas corpus was, upon plaintiff's application, issued by the county judge of Jones County, and upon the hearing of which the county judge ordered him discharged from custody. The sheriff, denying the authority and jurisdiction of the county judge or county court to discharge plaintiff, rearrested him as he was leaving the courthouse. The sheriff justified the arrest and imprisonment by the original commitment or mittimus, contending that the order of the county judge discharging plaintiff was void, for want of jurisdiction to make such order, inasmuch as plaintiff was held under a charge of felony.

The court upheld the sheriff's contention and held that under Article 5, Section 16 of the Texas Constitution, providing that: "The county court, or judge thereof, shall have power to issue . . . writs or habeas corpus in cases where the offense is within the jurisdiction of the county court, or any other court or tribunal inferior to said court," the county judge had no power to discharge

from custody, on habeas corpus, a person charged with a capital felony, as such court has no jurisdiction to try felonies.

We quote from the court's opinion, at page 197, as follows:

"It would then appear that the legislature has not enacted that in such a case the county judge should have jurisdiction, and we therefore conclude, in the absence of such legislation, that the jurisdiction of the county judge to issue the writ must be determined by the provision of the constitution above quoted, and that the county judge in this case had no power to discharge the defendant in error, and consequently his order was null and void, and, being void for want of power to legally make it, the sheriff was not only justifiable in disregarding it, but it was his duty to do so. It would have been no more protection to him for releasing the defendant in error from custody than if the order had been made by a private citizen. The fact that the sheriff produced the prisoner in response to the writ would make no difference, for his acts could not confer jurisdiction, where none is given by law. The undisputed evidence in this case proves that the defendant in error was being held by the sheriff under a valid commitment on a charge of felony, and, upon the announcement of the county judge's decision discharging him from custody, he was leaving the court house, when the sheriff detained him and returned him to jail. True, he did not exhibit his mittimus when his authority was demanded by defendant in error, but he told him, in effect, that he could not let him go on the order of the county judge. He knew, then, that he had already been committed by the justice of the peace, and the cause thereof, and he was therefore informed on the subject of his rearrest. . . ." (Underscoring ours)

We are of the opinion, therefore, that the order of the district court of Walker County discharging the said Virgil Bounds was void.

Where an prisoner secures his liberty through some illegal or void order it is to be treated as an escape, and he can be retaken and compelled to serve out his sentence, even though the time in which the original sentence should have been served has expired. Such prisoner may be retaken under the same process under which he was originally committed. Letcher v. Crandell, supra; 6 C. J. S. 627; Hopkins v. North, (Md.) 49 A. L. R. 1303.

You are respectfully advised that it is the opinion of this department that, under the facts stated, the said Virgil Bounds, having secured his liberty from the State Penitentiary of Texas by virtue of a void order from the district court of Walker County, is in the same position as if he had escaped, and consequently, may be retaken by the penitentiary authorities in the same manner as in the case of an escaped prisoner, and compelled to serve out the balance of his sentence remaining unserved on the date of his release on said void order.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED SEP 20, 1941

s/ Grover Sellers

FIRST ASSISTANT
ATTORNEY GENERAL

By

Edgar Pfeil
Assistant

EP:CO

APPROVED OPINION COMMITTEE BY BWB CHAIRMAN